JOHN C. STEEBER et al., complainants,

*v.*

DAVID T. RESH et al., defendants.

[Decided June 11th, 1930.]

Messrs. *Riker & Riker,* for the defendant Resh.

Messrs. *Precker & Precker,* for the defendant Wendorf.

BACKES, V. C.

William Resh borrowed $13,500 of Wendorf on mortgage covering his one-half interest in property on Clinton street, Newark. Resh owned a $5,000 mortgage which he assigned as further security. The value of this mortgage was questioned, and to insure its payment Resh's father, David, joined in the $13,500 mortgage and included therein his property on Hillside avenue, Newark, upon the agreement that if and when the $5,000 mortgage was paid his property should be discharged. The mortgage has been paid. William's interest in the Clinton street property was sold in foreclosure, under a prior mortgage, and the surplus yielded Wendorf $5,000 plus, so that there is now due to him approximately $3,500 and interest. David conveyed the Hillside avenue property to William's wife. The complainant's bill is to foreclose a prior mortgage on the Hillside avenue property and David and William's wife counter-claimed against Wendorf to discharge the lien of his mortgage.

William negotiated the loan with one Shapiro, Wendorf's son-in-law, then a lawyer, now disbarred and in prison. Wendorf, upon the representation of Shapiro that he had a call for a loan on good security, entrusted the money to him to make the loan and get the security. He knew neither the borrower nor the security, nor concerned himself with either, but relied upon Shapiro and left the investment entirely to him. Shapiro arranged the terms of the loan, and that the lien of mortgage on David's property should be collateral to the $5,000 mortgage, but intentionally omitted the defeasance in that respect from the $13,500 mortgage and falsely represented that it was incorporated. Assured and believing, the elder Resh executed the mortgage without reading it. That the mortgage was obtained by fraudulent imposition is established beyond question. That it cannot be enforced is settled law. *Dunston Litho. Co.* v. *Borgo, 84 N. J. Law 623.* Shapiro was Wendorf's *alter ego.* His fraud must be imputed to Wendorf. *Reitman* v. *Fiorillo, 76 N. J. Law 816.* The counter-claim that the mortgage be discharged as to the property involved is sustained.